UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT HOLTZ, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-cv-00029 |
| CITIMORTGAGE, INC., et al., | ) ) ) |
|     Defendants. | ) |

## NOTICE OF REMOVAL

Defendant CitiMortgage, Inc. ("CitiMortgage"), with consent of Defendants Cenlar Agency, Inc. and Central Bancompany, Inc., hereby provides notice of removal of Case Number 22SL-CC05102 from the 21st Judicial Circuit Court - St. Louis County, Missouri. This removal is sought on the basis of federal question jurisdiction conferred by 28 U.S.C. § 1331 under the doctrine of complete preemption. In support of this removal, Defendant CitiMortgage, Inc. states as follows:

**I.  INTRODUCTION**

1. On December 2, 2022, Plaintiff Robert Holtz filed a four-count action against Defendants CitiMortgage, Central Bancompany, Inc., and Cenlar Agency, Inc., in the 21st Judicial Circuit Court - St. Louis County, Missouri. *See* Exhibit A, Petition.

2. Defendant CitiMortgage was served with the Petition on December 9, 2022; Defendant Cenlar Agency, Inc. was served with the Petition on December 8, 2022; and Central Bancompany, Inc. has entered its appearance and filed a motion to dismiss.

3. In his Petition, Plaintiff essentially alleges that a purported mishandling of automatic mortgage loan payments by his bank Central Bancompany, Inc. caused improper accounting of payments by loan servicer Cenlar Agency, Inc. and inaccurate credit reporting by

1

loan owner CitiMortgage, Inc. *See* Ex. A, Petition at ¶¶ 3-8. As a result, Plaintiff asserts that he has suffered late fees, penalties, and a reduced credit score that has prevented him from obtaining new credit. *Id*. at ¶ 9. Plaintiff's specific claims include Count I – Negligent Representation (against Central Bancompany, Inc.); Count II – Tortious Interference with a Credit Expectancy (against all Defendants); Count III – Breach of Contract (against Central Bancompany, Inc.); and Count IV – Intentional Interference with Contractual Relationship (against Cenlar Agency, Inc.).

## II.     GROUNDS FOR REMOVAL

4.     This action is removed pursuant to 28 U.S.C. § 1446 on the basis of federal question jurisdiction conferred by 28 U.S.C. § 1331 because Count II – Tortious Interference with a Credit Expectancy is completely preempted by the Fair Credit Reporting Act, 12 U.S.C. § 1681, et seq.

5.     "[A] state claim may be removed to federal court in only two circumstances—when Congress expressly so provides, such as in the Price–Anderson Act, or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003) (internal citations omitted).

6.     Count II – Tortious Interference is completely preempted by the Fair Credit Reporting Act. Complete preemption occurs where Congress intends that a federal statute provide the exclusive cause of action for an asserted claim. *See id.* at 8-9; *see also Krakowski v. Allied Pilots Ass'n*, 973 F.3d 833, 836 (8th Cir. 2020) (providing that complete preemption occurs when a statute provides the exclusive cause of action for the claim asserted). Under the Fair Credit Reporting Act, Congress has provided a private cause of action for violations of § 1681s-2(b) (dealing with the responsibilities of persons who furnish information to consumer reporting agencies). Congress has made a claim under § 1681s-2(b) the *exclusive* cause of action for consumers alleging damages based on the accuracy of credit reporting, like Count II here, by

2

expressly prohibiting states from regulating any subject matter related to § 1681s-2., *See* § 1681t(b)(1)(F). Here, Plaintiff's Count II Tortious Interference with a Credit Expectancy purports to be a state law cause of action seeking damages for harm allegedly caused by what Plaintiff asserts is inaccurate credit reporting; however, this is the subject matter of § 1681s-2 and is exclusively governed by the Fair Credit Reporting Act.

7.   This Court has supplemental jurisdiction, 28 U.S.C. § 1367(a), over Plaintiff's Counts I, III, and IV because these claims arise out of the same set of transactions and occurrences that resulted in the purported inaccurate credit reporting and are therefore so related to Count II that they form part of the same case or controversy under Article III of the United States Constitution.

### III.   PROCEDURAL COMPLIANCE

8.   This Notice of Removal is timely filed within the 30-day deadline set by 28 U.S.C. § 1446(b)(1). Here, Defendant CitiMortgage, Inc.'s first receipt of Plaintiff's Petition was by service dated December 9, 2022. Although 30 days after December 9, 2022 is January 8, 2022, that day is a Sunday. January 9, 2023 is the first business day following expiration of the 30-day period provided by § 1446(b). *See Milburn v. Zurich Am. Ins. Co.*, 334 F.R.D. 190, 191-92 (E.D. Mo. 2020) ("Numerous cases apply the rule that removals filed on the Monday after the removal period runs on a weekend day are timely filed."); *see also Young v. Mayor of City of St. Louis*, No. 4:21-CV-776 RLW, 2021 WL 5769345, at *2 (E.D. Mo. Dec. 6, 2021) ("Here, the thirtieth day after May 28, 2021 was Sunday, June 27, 2021. Therefore, Defendants' removal was timely because it was filed on Monday, June 28, 2021.") (citing Fed. R. Civ. P. 6(a)(1)(C)).

9. Removal to the United States District Court for the Eastern District of Missouri, Eastern Division is proper because this case is pending in St. Louis County. *See* 28 U.S.C. § 105(a)(1) ("The Eastern Division comprises the counties of…Saint Louis….").

10. Defendant CitiMortgage, Inc. has filed this Notice of Removal with the consent of Defendant Cenlar Agency, Inc. and Defendant Central Bancompany, Inc. *See* 28 U.S.C. § 1446(b)(2)(A).

11. This Notice of Removal is filed together with all required documents, including, proof of filing this notice with the clerk of state court; proof of service of that notice upon all adverse parties; a copy of all process, pleadings, orders, and other documents currently on file in the state court action; a copy of the state court docket sheet; a civil cover sheet; an original filing form; a Disclosure of Organizational Interests; and the consent to removal of both Defendant Cenlar Agency, Inc. and Defendant Central Bancompany, Inc.

Dated: January 9, 2023

Respectfully Submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Ketrina G. Bakewell*
Ketrina G. Bakewell # 33410MO
kgbakewell@bclplaw.com
Benjamin Ford #70962MO
ben.ford@bclplaw.com
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750
Phone: (314) 259-2000
Fax: (314) 259-2020

*ATTORNEYS FOR DEFENDANT CITIMORTGAGE, INC.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served by email upon all counsel of record on January 9, 2023.

/s/ Ketrina G. Bakewell