UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT HOLTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23-cv-00029-AGF |
| | ) |
| CITIMORTGAGE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion (ECF No. 23) for leave to file his first amended complaint. Plaintiff asserts that his amended complaint (1) corrects the name of one Defendant (Cenlar Bank FSB, incorrectly named as Cenlar Agency, Inc.), (2) dismisses without prejudice Defendant CitiMortgage, Inc. ("CitiMortgage"), and (3) eliminates any allegations of improper credit reporting.

Plaintiff filed his motion on February 6, 2023, more than 21 days after Defendant Central Bancompany, Inc. ("Central") filed a motion (ECF No. 6) to dismiss this case, but less than 21 days after Defendant Cenlar Bank FSB ("Cenlar") filed its motion (ECF No. 21) to dismiss and before CitiMortgage filed its motion (ECF No. 25) to dismiss. Plaintiff has also filed motions (ECF Nos. 27, 29 & 30) to stay or extend the deadlines for briefing on the various motions to dismiss until the Court rules on Plaintiff's motion for leave to amend.

Only Defendants Central and Cenlar have opposed Plaintiff's motion for leave to amend.[1] Central argues that Plaintiff cannot amend as of right as to this Defendant because

---

1  CitiMortgage has opposed Plaintiff's motion to stay briefing, but it has not opposed

1

more than 21 days have passed since this Defendant filed its motion to dismiss and that, in any event, Plaintiff's proposed amendment does not sufficiently cure its pleading deficiencies. Cenlar joins in Central's latter argument.

Regardless of whether Plaintiff may amend as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), the Court concludes that leave to amend is warranted under Rule 15(a)(2).  Under the latter Rule, a court "should freely give leave [to amend pleadings] when justice so requires," Fed. R. Civ. P. 15(a)(2), but leave may be denied where the proposed amendment would be futile or cause unfair prejudice to the opposing party, *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 358-59 (8th Cir. 2011).

The Court cannot conclude on the record before it that the proposed amendment is futile or unfairly prejudicial.[2]  The remaining Defendants may challenge the sufficiency of Plaintiff's amended complaint, if they so choose, by filing a properly supported motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to amend is **GRANTED**. ECF No. 23.  The Clerk of Court shall (1) detach and file ECF No. 23-1 as Plaintiff's first amended complaint, (2) dismiss CitiMortgage, Inc. as a Defendant in this case, and correct the name of Defendant Cenlar Agency, Inc. to Cenlar Bank FSB.

---

Plaintiff's motion for leave to amend, and the time to do so has passed.

[2]     As noted above, CitiMortgage has not opposed Plaintiff's motion for leave to amend and to dismiss CitiMortgage without prejudice.  Further, voluntary dismissal of CitiMortgage without prejudice would be permissible under Federal Rule of Civil Procedure 41(a)(1)(A)(i), as Plaintiff gave notice of the dismissal before CitiMortgage filed either an answer or motion for summary judgment.  *See* Fed. R. Civ. P. 41(a)(10(A)(i).

**IT IS FURTHER ORDERED** that the motions to dismiss directed to Plaintiff's original complaint, and the motions to stay and extend briefing on those motions to dismiss, are all **DISMISSED without prejudice, as moot**.  ECF Nos. 6, 21, 25, 27, 29 & 30.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2023.